1  MICHAEL J. VARTAIN [SBN 92366]
   STACEY L. LEASK [233281]
2  **VARTAIN LAW GROUP, P.C.**
   601 Montgomery Street, Suite 780
3  San Francisco, CA 94111-2664
   Telephone:  [415] 391-1155
4  Facsimile:   [415] 391-1177

5  Attorneys for Defendants
   GOLDEN GATE SCHOOL OF LAW, and
6  DEAN ANTHONY NIEDWIECKI

7

8
                    IN THE UNITED STATES DISTRICT COURT
9                              FOR THE
                    NORTHERN DISTRICT OF CALIFORNIA
10                         San Francisco Division

11

12

13  MORTEZA BENJAMIN RAY KARIMI,      )  Case No.: **3:17-cv-05702-JCS**
                                       )
14           Plaintiff,                )  **ANSWER TO PLAINTIFF PRO SE**
                                       )  **MORTEZA BENJAMIN RAY KARIMI'S**
15                                     )  **FIRST AMENDED COMPLAINT FOR**
    vs.                                )  **DAMAGES**
16                                     )
                                       )
17  GOLDEN GATE SCHOOL OF LAW,         )
    DEAN ANTHONY NIEDWIECKI, in his    )
18  official capacity,                 )
                                       )
19                                     )
             Defendants.                )
20                                     )
                                       )  Judge:           Hon. Joseph C. Spero
21                                     )  Trial Date:      Not Yet Assigned.
                                       )  Complaint Filed: October 3, 2017
22                                     )  FAC Filed:       May 14, 2018

23

24

25

26

27

28

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]– ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**
S:\Client\106 Golden Gate University\026 Karimi USDC\Pleadings\AnswerFAC.doc

Defendants GOLDEN GATE SCHOOL OF LAW, and DEAN ANTHONY NIEDWIECKI (collectively, "the University" and/or "Defendants") answer the First Amended Complaint ("FAC") of Plaintiff Pro Se MORTEZA BENJAMIN RAY KARIMI ("Plaintiff") filed on May 14, 2018 [Dkt. #58], as follows:

1.  As to the allegations asserted on page 2, lines 1-5, under the heading "Permission to Amend Granted", the University denies each and every allegation therein; and denies that the presiding Magistrate Judge Spero granted Plaintiff leave to amend the complaint of Plaintiff to add claims other than to add one claim under California Education Code §94367. [Dkt. # 57]

2.  As to the allegations asserted on page 2, lines 6-15, under the heading "Parties", the University admits that Plaintiff matriculated as a student of the University beginning in the fall semester of 2017.  The University admits that the University's School of Law is located in San Francisco, California.  Except as so admitted, the University is without information and belief and thus denies the remainder of the allegations asserted on page 2, lines 6-15, under the heading "Parties".

3.  As to the allegations asserted on page 2, lines 16-28, and page 3, lines 1-22, under the heading "Introduction", the University admits that the Dean transmitted to the Plaintiff a true and correct copy of Exhibits A and B attached hereto and that the contents of Exhibits A and B accurately describe the facts stated therein. Except as so admitted, the allegations asserted on pages 2, lines 16-28, and page 3, lines 1-22, under the heading "Introduction", are denied in their entirety.

4.  As to the allegations asserted on page 3, lines 23-28, pages 4-8, lines 1-28, and page 9, lines 1-7, under the heading "Facts", the University admits that Plaintiff matriculated as a student of the University beginning in the fall semester of 2017. The University admits that the University granted Plaintiff a merit scholarship. The University admits that a class was cancelled by the professor in discussion with students.  The University admits that students of the Law School stated their wish to participate in organizations, and that Plaintiff objected.  The University admits that the Dean transmitted to Plaintiff a true and correct copy of Exhibits A and B attached hereto and that the contents of Exhibits A and B accurately describe the facts

KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]–   ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES
S:\Client\106 Golden Gate University\026 Karimi USDC\Pleadings\AnswerFAC.doc                                               -1-

1  stated therein.  The University admits that the University offered Plaintiff a refund of Plaintiff's
2  tuition plus interest, book fees, and deposits, in the amount of $6,500, without a requirement
3  that Plaintiff also sign a release or waiver.  The University admits that the Assistant Director of
4  the Office of Student Conduct and Professionalism attempted to contact Plaintiff and that on
5  December 1, 2017, the University gave notice to Plaintiff of a student misconduct complaint
6  initiated against Plaintiff.  The University admits that the Assistant Director of the Office of
7  Student Conduct and Professionalism transmitted to Plaintiff on December 20, 2017, a
8  "Disciplinary Action Letter."  Except as so admitted, the allegations asserted page 3, lines 23-
9  28, pages 4-8, lines 1-28, and page 9, lines 1-7, under the heading "Facts", are denied in their
10 entirety.

11       5.      As to the allegations asserted on page 9, lines 8-28, and page 10, lines 1-17,
12 under the heading "First Cause of Action Violation of California Education Code §94367", the
13 University denies each and every allegation asserted therein.

14       6.      As to the allegations asserted on page 10, lines 18-28, pages 11-12, lines 1-28,
15 and page 13, lines 1-3, under the heading "Second Cause of Action Breach of Contract", the
16 University denies each and every allegation asserted therein.

17       7.      As to the allegations asserted on page 13, lines 4-28, page 14, lines 1-28, and
18 page 15, lines 1-5, under the heading "Third Cause of Action Breach of Covenant of Good Faith
19 and Fair Dealing", the University denies each and every allegation asserted therein.

20       8.      As to the allegations asserted on page 15, lines 5-26, page 16, lines 1-28, and
21 page 17, lines 1-8, under the heading "Fourth Cause of Action Defamation/False Light", the
22 University denies each and every allegation asserted therein.

23       9.      As to the allegations asserted on page 17, lines 9-28, and page 18, lines 1-4,
24 under the heading "Fifth Cause of Action Invasion of Privacy By Public Disclosure of Private
25 Facts", the University denies each and every allegation asserted therein.

26       10.     As to the allegations asserted on page 18, lines 4-28, page 19, lines 1-28, and
27 page 20, lines 1-14, under the heading "Sixth Cause of Action Intentional Infliction of
28 Emotional Distress", the University denies each and every allegation asserted therein.

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]–  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

S:\Client\106 Golden Gate University\026 Karimi USDC\Pleadings\AnswerFAC.doc                             -2-

11. As to the allegations asserted on page 20, lines 15-28, and page 21, lines 1-15, under the heading "Prayer", the University denies each and every allegation asserted therein.

12. The University denies any and all remaining allegations of the FAC.

## AFFIRMATIVE DEFENSES OF THE UNIVERSITY

### FIRST AFFIRMATIVE DEFENSE

1. As a first affirmative defense, the FAC, and each claim alleged therein, including the third, fourth (false light), and fifth causes of action (claims), is barred on the grounds that Plaintiff did not have leave of court to amend his complaint to plead additional claims other than to add one claim under California Education Code §94367. [See Dkt. # 57; Federal Rules Civil Procedure, Rule 15(a)]

### SECOND AFFIRMATIVE DEFENSE

2. As a second affirmative defense, the FAC is vague, ambiguous, uncertain and not plead in conformity to Rule 10 of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

3. As a third affirmative defense, the FAC fails to state a claim upon which relief can be granted, as to each defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. As a fourth affirmative defense, the FAC, and each claim alleged therein is barred on the grounds that the FAC fails to allege that Plaintiff has exhausted his remedy of administrative mandamus relief and the Court therefore lacks subject matter jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

5. As a fifth affirmative defense, the FAC, and each claim alleged therein, is barred in that Plaintiff failed to exhaust his administrative remedies under university procedures.

### SIXTH AFFIRMATIVE DEFENSE

6. As a sixth affirmative defense, the FAC, and each claim alleged therein, is barred in that all of the University's actions were within legitimate rights of an institution of higher education.

\\\

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]– ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

S:\Client\106 Golden Gate University\026 Karimi USDC\Pleadings\AnswerFAC.doc            -3-

**SEVENTH AFFIRMATIVE DEFENSE**

7. As a seventh affirmative defense, the FAC, and each claim alleged therein, is barred in that any and all conduct by the University about which Plaintiff complains occurred in an academic setting in which the University owed no such duties to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

8. As an eighth affirmative defense, the FAC, and each claim alleged therein, is barred in that any legally recoverable damages suffered by Plaintiff, if any, were not proximately caused by any act or omission of the University and/or any of its or their employee(s) and/or agent(s).

**NINTH AFFIRMATIVE DEFENSE**

9. As a ninth affirmative defense, to the extent Plaintiff suffered any damages, which Defendants deny, Plaintiff's own conduct was the proximate cause of such damages.

**TENTH AFFIRMATIVE DEFENSE**

10. As a tenth affirmative defense, to the extent Plaintiff suffered any damages, which Defendants deny, Defendants allege that Plaintiff failed to exercise ordinary care on his own behalf, and his negligence was a proximate cause of some portion, up to and including the whole thereof, of any injuries and damages that Plaintiff allegedly suffered. Plaintiff's recovery therefore against Defendants should be barred or reduced according to principles of comparative negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. As an eleventh affirmative defense, the cause of action for defamation is barred, in that it was absolutely privileged; in that some or all of the statements complained of by Plaintiff are not defamatory or are protected by the First Amendment to the U.S. Constitution and by Article I, Section 2 of the California Constitution or are protected opinion or are true; and/or some or all of the statements are stated with a belief that they were true and without malice; and/or the statements were made with a legitimate interest of Defendants, such that a qualified privilege arises.

\\\

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]– ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

S:\Client\106 Golden Gate University\026 Karimi USDC\Pleadings\AnswerFAC.doc     -4-

**TWELFTH AFFIRMATIVE DEFENSE**

12. As a twelfth affirmative defense, the FAC, and each claim alleged therein, is barred and Plaintiff is precluded from any relief herein because he has failed to mitigate his damages, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a thirteenth affirmative defense, the court lacks jurisdiction because there is not diversity of citizenship between the Plaintiff and either of the Defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. As a fourteenth affirmative defense, the FAC, and each claim alleged therein, is barred by the applicable statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. As a fifteenth affirmative defense, the FAC, and each claim alleged therein, is barred in that Plaintiff's claims for injunctive relief are barred because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff would have an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, the University prays for judgment as follows:

1. That judgment be entered in favor of the University against Plaintiff on any part and/or all of the entire FAC, and that the FAC be dismissed in its entirety and/or in any part with prejudice;

2. That the University be awarded its costs of suit incurred herein;

3. That the University be awarded reasonable attorneys' fees as may be determined by the Court; and

4. For such other and further relief as the Court may deem just and proper.

DATED: May 29, 2018            **VARTAIN LAW GROUP**

BY:      /s/Stacey L. Leask, Esq.
MICHAEL J. VARTAIN
STACEY L. LEASK
Attorneys for Defendants
GOLDEN GATE SCHOOL OF LAW, and
DEAN ANTHONY NIEDWIECKI

KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]– ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

S:\Client\106 Golden Gate University\026 Karimi USDC\Pleadings\AnswerFAC.doc                -5-