MORTEZA BENJAMIN RAY KARIMI, IN PRO PER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| NAME OF PLAINTIFF(S)<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>GOLDEN GATE SCHOOL OF LAW. DEAN ANTHONY NIEDWIECKI, in his official capacity<br><br>　　　　　　　Defendants. | Case No.: 3:17-cv-05702-JCS<br><br>**OBJECTION IN PART TO ORDER; DOCKET NUMBER 74** |

　　　　Plaintiff brings forth this objection to magistrate judge Spero's order given on July 14, 2018.

### JUDGE SPERO'S ORDER

On July 14, 2018, Judge Spero issued an order that:

1. This case is referred to magistrate judge Donna Ryu, in Oakland, for a settlement Conference, to occur in October, or at the convenience of her calendar. All parties must attend the settlement in person.

2. The hearing on the disciplinary proceeding is ordered postponed until after the Settlement Conference.

3. All non-expert discovery shall be completed by January 31, 2019.

4. The dispositive motion filing deadline is February 15, 2019.

### ISSUES OF OBJECTION

Plaintiff objects to part one of Judge Spero's order. Plaintiff also objects to such decisions being made without any input from Plaintiff. Plaintiff had missed the case management conference due to a clerical error.

## I. JUDGE DONNA RYU'S RELATIONSHIP WITH DEFENDANT

Judge Donna Ryu is a former employee of Golden Gate School of Law ("GGU"). According to the Court's web-page of Judge Ryu, www.cand.uscourts.gov/dmr, Judge Ryu was a professor at GGU.  According to ballotpedia.org, Judge Ryu worked as an Associate Professor and Associate Director of the Women's Employment Rights Clinic at GGU from 1998 to 2002. Furthermore, Judge Ryu and dean Niedwiecki are both homosexuals that are fervent gay rights activists. They share identical goals and agendas. Dean Niedwiecki has pushed a LGBT agenda within GGU, as well as externally,  and promotes and displays GGU as a 'gay school' to the public. The dean's activities mirror Jude Ryu's ideology and agenda.  Both are in homosexual marriages.

With such things in common between Judge Ryu and Defendant, coupled with San Francisco being the 'mecca' of gay activism, there is more than enough reason to believe that there will be a bias against Plaintiff, who is from Texas and is not a homosexual.

Such close relations between Judge Ryu and the Defendant is exactly the type of issue Plaintiff was trying to avoid when he filed his complaint in federal court as opposed to state court.

There is a Francis Ryu on the Board of Directors of GGU.

Judge Ryu is a member of the National Center for Lesbian Rights, according to her UC Hastings faculty web page at www.uchastings.edu/news/articles/2013/07/ryu-lesbian-bench.php. Dean Anthony Niedwiecki is a supporter of many LGBT activist organizations. Exhibit A.

## II. APPEARANCE IN PERSON

To require Plaintiff to appear in person would be harmful to his studies and finances. Plaintiff will start law school again this semester. A settlement conference held in October would be right in middle of the semester. Plaintiff already has the burden of starting law school all over again as well as this case to manage. Requiring an appearance in person would severely distract him from his studies as well as cause him to miss a significant amount of class. The amount of class that Plaintiff would have to miss would severely adversely impact his grades and standing in the school

as well as jeopardize his ability to complete the semester as the ABA has a rule of a minimum of classes that must be attended by law students.

Plaintiff can not attend the settlement conference in person.

The Court, as well as Defendant's are all located in the Bay Area. Plaintiff is located in Austin Texas. Defendant is already unfairly using this distance as leverage in negotiations with Plaintiff to pressure him into an unfair settlement amount. Exhibit B.

To require Plaintiff to attend in person is completely unfair.

### III. PLAINTIFF'S ABSENCE AT THE CMC DUE TO A CLERICAL ERROR

Plaintiff was scheduled for a CMC on July 13, 2017 at 2 p.m. Plaintiff was to appear via telephone with Court Call. Plaintiff called Court Call at approximately 1:50 p.m. and was told by a Court Call employee that Plaintiff was not registered with Court Call to make an appearance. Plaintiff was told by Court Call that he should contact the Clerk to get his name registered. Plaintiff contacted the Court through email to inform them of the problem. Plaintiff also attempted to call Clerk Karen Hom. Karen Hom did not answer Plaintiff's call at first. Plaintiff then called Court Call again. A Court Call employee was able to locate the case but said that the name given to Court Call by the Clerk was incorrect. Clerk Karen Hom did eventually correct her mistake, but it was too late, as stated by Karen Hom. Exhibit C.

Had Plaintiff been able to participate, there could have been a different outcome tot he CMC which would not be so burdensome to Plaintiff. Plaintiff was denied his right to be heard at the CMC due to a clerical error by Ms. Hom. Plaintiff had even informed the Court about spelling his name wrong after an injunction hearing in April, 2018. Exhibit D.

Had Plaintiff been able to address Judge Spero at the CMC, there could have been a chance to address the problems Plaintiff is having with the judge's ruling as well as resolving the case.

### RELIEF

Plaintiff seeks for an alternative judge for settlement. Judge Ryu's relationship with Defendant as well as her affiliations and activism towards the LGBT cause would reasonably create a bias.

1  Plaintiff must be allowed to appear by telephone at the settlement scheduled for October 15,
2  2018. Judge Spero has already expressed a desire for Plaintiff to return to law school. Plaintiff can
3  not miss anymore class or be set back any longer. Plaintiff also lives below the poverty line with a
4  family to support solely on a student loan. Plaintiff simply can not afford to travel to California at
5  this time. Plaintiff is a pro se for the simple fact that he can not afford an attorney.
6  Defendant is using Judge Spero's order as leverage in pressuring Plaintiff to end the lawsuit.
7  Plaintiff lives in Texas while Defendant and the Court are located in San Francisco. Plaintiff must
8  not be made to sacrifice his already prolonged legal education to enforce his rights and have access
9  to the Court.

DATED: July 24, 2018

*/s/ Morteza Karimi*
Morteza Benjamin Ray Karimi