MICHAEL J. VARTAIN [SBN 92366]
STACEY L. LEASK [SBN 233281]
**VARTAIN LAW GROUP, P.C.**
601 Montgomery Street, Suite 780
San Francisco, CA 94111-2664
Telephone: [415] 391-1155
Facsimile:  [415] 391-1177

Attorneys for Defendants
GOLDEN GATE SCHOOL OF LAW, and
DEAN ANTHONY NIEDWIECKI

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| | |
|---|---|
| MORTEZA BENJAMIN RAY KARIMI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GOLDEN GATE SCHOOL OF LAW, DEAN ANTHONY NIEDWIECKI, in his official capacity,<br><br>　　　　　Defendants. | Case No.: **3:17-cv-05702-JCS**<br><br>**RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE 5.2(a)**<br><br>Judge:　　　　Hon. Joseph C. Spero<br>Trial Date:　　Not Yet Assigned.<br>Complaint Filed:　October 3, 2017 |

**ATTACHED DOCUMENT(S):**

- **DECLARATION OF MICHAEL J. VARTAIN, ESQ.**

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-  RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S VIOLATION OF FRCP 5.2(a)**
S:\Client\106 Golden Gate University\026 Karimi USDC\Pleadings\GGU Resp Mtn for Sanctions.20180730.docx

Defendants Golden Gate School of Law and Dean Anthony Niedwiecki (collectively, "the Law School") submit this response to Plaintiff *Pro Se* Morteza Benjamin Ray Karimi's ("Plaintiff") motion to seal from the Court's docket Exhibit R (Dkt. No. 29-18) in support of the Law School's opposition to Plaintiff's temporary restraining order and preliminary injunction, and for sanctions for Defendants' violation of Federal Rule of Civil Procedure 5.2(a).

Plaintiff's motion to seal the transcript is moot. The Court already sealed Docket entry 29-18 by its Order of July 27, 2018 (Dkt. No. 81), and the Law School already has filed a corrected version of "Exhibit R" that redacts the relevant private information. (Dkt. No. 79.)

With respect to Plaintiff's motion for sanctions, first, the Law School responds that it did not violate the Family Educational Rights and Privacy Act (FERPA) by filing a copy of the transcript with the court. (20 U.S.C. § 1232g.) Disclosure of student transcripts to the courts is legally permissible under the Federal regulations, which provide that: "If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself." (34 C.F.R § 99.31(a)(9)(iii)(B).)

Plaintiff initiated this action against the Law School by filing of the Complaint on October 3, 2017. (Dkt. No. 1; Declaration of Michael J. Vartain ("Decl. Vartain"), ¶ 5.) Plaintiff thereby placed his educational record into the public record himself, and in turn waived any privacy protection afforded to him under FERPA as to his student educational records with the Law School.

On December 9, 2017, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order seeking in part to cease all disciplinary proceedings against him at the Law School and to enjoin the Law School from altering his student record. (Dkt. No. 18, p. 4:9[1]) Plaintiff argued that "[i]f a temporary restraining order and a preliminary injunction is not granted

---

[1] References to Plaintiff's Motion adopt the page number designated by the Court.

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-   RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S VIOLATION OF FRCP 5.2(a)**

. . . his chances of enrollment at another law school will be virtually impossible." (Dkt. No. 18, p. 8:10-11; Decl. Vartain, ¶¶ 7-8.)

The Law School filed its opposition on December 22, 2017, which included the Declaration of Steven Lind, the Law School's registrar (Dkt. No. 26) and Plaintiff's transcript as "Exhibit R" as evidence to show that as of the time of the filing, the transcript of Plaintiff contained no negative markings that could affect Plaintiff's admission to another institution. The filing was thus highly relevant to the Law School's defense. (Decl. Vartain, ¶ 10.)

In filing the declaration, the Law School's counsel did not see that the transcript also contained the day, month and year of Plaintiff's date of birth. (Decl. Vartain, ¶ 11.)

As soon as the Law School became aware of the oversight and learned of Plaintiff's objection to the disclosure of his date of birth, the Law School's counsel filed a corrected version of "Exhibit R" that redacted the entirety of Plaintiff's name and birth date so that such information is not publically available on the court's docket. (Dkt. No. 79.) As indicated above, the Court has already sealed "Exhibit R" (Dkt. No. 29-18), and in turn, all of the content in the original filing is no longer publically available on the Court's docket. (Decl. Vartain ¶¶ 12, 13.)

Plaintiff has demonstrated no damage to him that was caused and there is absolutely no showing that the Law School's counsel had an improper motive in its filing.

Sanctions are not warranted in this situation.

DATED:   July 31, 2018                          **VARTAIN LAW GROUP**

                                          BY:    /s/Michael J. Vartain
                                                 MICHAEL J. VARTAIN
                                                 STACEY L. LEASK
                                                 Attorneys for Defendants
                                                 GOLDEN GATE SCHOOL OF LAW, and
                                                 DEAN ANTHONY NIEDWIECKI