UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORTEZA BENJAMIN RAY KARIMI, Plaintiff, v. GOLDEN GATE SCHOOL OF LAW, et al., Defendants. | Case No. 17-cv-05702-JCS<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 77 |

Plaintiff Morteza Karimi moves for sanctions against Defendants Golden Gate School of Law ("Golden Gate") and Anthony Niedwiecki for failure to comply with Rule 5.2(a) of the Federal Rules of Civil Procedure and the Family Educational Rights and Privacy Act ("FERPA"). The Court finds the motion suitable for resolution without oral argument and VACATES the hearing set for August 31, 2018. For the reasons discussed below, the motion is DENIED.[1]

On December 22, 2017, opposing a previous motion by Karimi for a preliminary injunction, Defendants filed in the public record a copy of Karimi's first-semester law school transcript as an exhibit to a declaration. *See* dkt. 29-18 (now under seal). Karimi did not raise an objection to that filing in his December 29, 2017 reply brief or at the April 20, 2018 hearing[2] on the preliminary injunction motion. On July 21, 2018, Karimi filed his present motion for sanctions, asserting that Defendants violated FERPA by filing the transcript in the public record and violated Rule 5.2(a) because the transcript included Karimi's date of birth. *See generally* Mot. (dkt. 77). Defendants filed a version of the transcript redacting Karimi's birthdate three days later (dkt. 79), and the Court sealed the offending document (dkt. 81).

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).
[2] The hearing date was continued multiple times to allow the parties time to engage in mediation.

Karimi contends that the transcript violates the provision of FERPA prohibiting a university from receiving federal grants if it "has a policy or practice of permitting the release of education records" without consent, despite Golden Gate stating on its website that it complies with the conditions of FERPA. 20 U.S.C. § 1232g(b)(1); *see* Mot. at 4 & Ex. A. As Defendants correctly note, however, FERPA's implementing regulations provide an exception to that rule that is applicable here:

> If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself.

34 C.F.R. § 99.31(a)(9)(iii)(B).[3] Karimi did not file a reply brief and thus did not respond to the argument that this exception applies here.

Karimi moved for a preliminary injunction in part based on harm that he asserted he would experience from disciplinary action appearing on his academic record. *See* Mot. for Prelim. Inj. (dkt. 18) at, e.g., 8. The lack of notation on Karimi's then-current transcript, while not alone dispositive of the question of whether Karimi might be entitled to injunctive relief against future notations, was relevant to Golden Gate's defense. Under the regulatory exception set forth above, Golden Gate's filing of Karimi's transcript did not violate FERPA.

Rule 5.2(a) of the Federal Rules of Civil Procedure prohibits filing the date of an individual's birth (except where limited to only the year of birth) in the public record of a civil action, subject to certain exceptions not applicable here. Defendants violated that rule by failing to redact Karimi's date of birth from his transcript. Courts have in some circumstances exercised their inherent authority to impose sanctions for egregious violations of this rule. *See generally*

---

[3] Courts have not interpreted this regulation as requiring such filings to be made under seal. *See Doe #1 ex rel. Lee v. Sevier Cty.*, No. 3:17-CV-41, 2017 WL 1048378, at *3 (E.D. Tenn. Mar. 15, 2017); *Moreno v. Mcallen Indep. Sch. Dist.*, No. 7:15-CV-162, 2016 WL 3198159, at *3 & n.53 (S.D. Tex. June 9, 2016); *Gaskins v. Baltimore City Pub. Schs.*, No. JKB-15-2961, 2016 WL 192535, at *8 (D. Md. Jan. 15, 2016), *aff'd sub nom. Gaskins v. Abiodun*, 649 F. App'x 307 (4th Cir. 2016); *Osei v. Temple Univ. of the Commonwealth Sys. of Higher Educ.*, No. CV 10-2042, 2015 WL 12914144, at *1 n.1 (E.D. Pa. Nov. 10, 2015); *Jennings v. Univ. of N.C. at Chapel Hill*, 340 F. Supp. 2d 679, 681–82 (M.D.N.C. 2004).

*Allstate Ins. Co. v. Linea Latina De Accidentes, Inc.*, No. 09-3681 (JNE/JJK),2010 WL 5014386 (D. Minn. Nov. 24, 2010). Here, however, Defendants' failure to redact the date of birth was inadvertent, Vartain Decl. (dkt. 84-1) ¶ 11, there is no indication that Karimi brought the error to Defendants' attention before filing his motion for sanctions approximately seven months later, Defendants promptly and effectively remedied the error by filing a redacted version of the exhibit after Karimi filed his motion, and there is no evidence that Karimi suffered harm in the intervening period as a result of the disclosure. Under these circumstances, the Court declines to impose sanctions in this instance, but admonishes Defendants going forward to comply with Rule 5.2 and any other privacy rules that may be applicable.

Karimi's motion for sanctions is therefore DENIED.

**IT IS SO ORDERED.**

Dated: August 24, 2018

JOSEPH C. SPERO
Chief Magistrate Judge