MICHAEL J. VARTAIN [SBN 92366]
STACEY L. LEASK [SBN 233281]
**VARTAIN LAW GROUP, P.C.**
601 Montgomery Street, Suite 780
San Francisco, CA 94111-2664
Telephone:  [415] 391-1155
Facsimile:  [415] 391-1177

Attorneys for Defendants
GOLDEN GATE SCHOOL OF LAW, and
DEAN ANTHONY NIEDWIECKI

## IN THE UNITED STATES DISTRICT COURT
### FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| | |
|---|---|
| MORTEZA BENJAMIN RAY KARIMI,<br><br>                    Plaintiff,<br><br>vs.<br><br>GOLDEN GATE SCHOOL OF LAW, DEAN ANTHONY NIEDWIECKI, in his official capacity,<br><br>                    Defendants. | Case No.: **3:17-cv-05702-JCS**<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:    February 1, 2019<br>Hearing Time:    9:30 a.m.<br>Location:          San Francisco<br>                       Courthouse<br>                       Ctrm. G - 15th Floor<br>                       450 Golden Gate Avenue,<br>                       San Francisco, CA 94102<br>Judge:            Hon. Joseph C. Spero<br>Trial Date:       Not Yet Assigned.<br>Complaint Filed:  October 3, 2017<br>FAC Filed:         May 14, 2018 |

**ATTACHED DOCUMENT(S):**

1.  **DECLARATION OF DEAN ANTHONY NIEDWIECKI;**
2.  **DECLARATION OF JESSICA BRIDE;**
3.  **DECLARATION OF DAN DEVOY;**
4.  **DECLARATION OF STEVEN LIND;**
5.  **DECLARATION OF MIKE KOPERSKI;**
6.  **DECLARATION OF STACEY L. LEASK; and**
7.  **EXHIBITS IN SUPPORT THEREOF; AND**
8.  **[PROPOSED] ORDER.**

# TABLE OF CONTENTS

*TABLE OF CONTENTS* ............................................................................................. i

*TABLE OF AUTHORITIES* ....................................................................................... ii

NOTICE OF MOTION ................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.      INTRODUCTION ............................................................................................. 1

II.     STATEMENT OF FACTS................................................................................. 1

III.    LEGAL ANALYSIS ......................................................................................... 6

      A.     First Claim Under The Leonard Law: Plaintiff Has Permanently Ended His Matriculation At Golden Gate And His Claims For Declaratory And Injunctive Relief Are Moot ................................................... 7

      B.     The Second And Third Claims: Plaintiff Has Permanently Ended His Matriculation With Golden Gate And Golden Gate Is Entitled To Partial Summary Judgment Because Plaintiff Cannot Exhaust Internal Procedures And Remedies ...................................................... 9

      C.     The Fourth Claim For Defamation/False Light: Plaintiff Is Unable To Demonstrate A Genuine Dispute Of Material Fact That Golden Gate Made False Statements About Plaintiff And Defendants Have Demonstrated A Qualified Privilege ...................................................... 11

      D.     Fifth Claim For Invasion Of Privacy By Public Disclosure Of Private Facts: Plaintiff Is Unable To Demonstrate A Genuine Dispute Of Material Fact That Golden Gate Made A Public Disclosure Of Private Facts ............................................................................................................ 12

      E.     Sixth Claim For Intentional Infliction Of Emotional Distress: Plaintiff Is Unable To Demonstrate A Genuine Dispute Of Material Fact As To One Or More Elements ........................................................................... 13

      F.     Additionally, As To All Claims: Should The Court Grant The Motion For Sanctions To Preclude Evidence From Plaintiff Of Damages, Plaintiff Is Unable To Establish Necessary Elements Of The Claims.......... 14

      G.     Additionally, As To The Fourth, Fifth And Sixth Claims: Should The Court Grant The Motion For Sanctions To Preclude Evidence From Plaintiff, Plaintiff Is Unable To Establish Necessary Elements Of The Claims ............................................................................................................ 14

IV.    CONCLUSION ................................................................................................ 15

KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF

S:\Client\106 Golden Gate University\026 Karimi USDC\Pleadings\MSJ\Notice MPA 20181213.doc        -i -

1

**TABLE OF AUTHORITIES**

**FEDERAL CASES:**

2

3  *Allard v. De Lorean*
   884 F.2d 464 (9th Cir. 1989) .................................................................. 8

4  *Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986) .......................................................................... 7
5

6  *Celotex Corp. v. Catrett*
   477 U.S. 317 (1986).................................................................... 7, 14

7  *Devereaux v. Abbey*
   263 F.3d 1070 (9th Cir. 2001) ........................................................ 7, 14
8

9  *Gator.com Corp. v. L.L. Bean, Inc.*
   398 F.3d 1125 (2005) ........................................................................ 8

10 *Maryland Casualty Co. v. Pac. Coal. & Oil Co.*
   312 U.S. 270 (1941)........................................................................... 8
11

12 *Morcote v. Oracle Corp.*
   2005 U.S. Dist. LEXIS 31898 (N.D. Cal. 2005) ...................................... 8

13 *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*
   210 F.3d 1099 (9th Cir. 2000) ............................................................ 7
14

15 *Rinsley v. Brandt*
   700 F.2d 1304 (10th Cir. 1983) ........................................................ 12

16 **FEDERAL STATUTES:**

17 28 U.S.C. § 2201 ................................................................................. 8

18 Fed. R. Civ. P. 56(a) ......................................................................... 7

19 **STATE CASES:**

20 *Camp v. Jeffer, Mangels, Butler & Marmaro*
   35 Cal.App.4th 620 (1995) ................................................................ 10
21

22 *Campanelli v. Regents of the Univ. of Cal.*
   44 Cal.App.4th 572 (1996) ................................................................ 11

23 *Careau & Co. v. Security Pacific Business Credit, Inc.*
   222 Cal.App.3d 1371 (1990) .............................................................. 10
24

25 *Christensen v. Superior Court*
   54 Cal.3d 868 (1991) ....................................................................... 13

26 *Cole v. Fair Oaks Fire Protection Dist.*
   43 Cal.3d 148 (1987) ................................................................... 13, 14
27

28 *Cuenca v. Safeway San Francisco Employees Fed. Credit Union*
   180 Cal.App.3d 985 (1986) ................................................................ 11

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF
MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

*Davidson v. City of Westminster*
32 Cal.3d 197 (1982) ................................................................................. 3

*Edgren v. Regents of University of California*
158 Cal.App.3d 515 (1984) ...................................................................... 10

*Eisenberg v. Alameda Newspapers, Inc.*
74 Cal.App.4th 1359 (1999) ..................................................................... 12

*Fellows v. Nat'l Enquirer*
42 Cal.3d 234 (1986) ............................................................................... 12

*Guz v. Bechtel National, Inc.*
24 Cal.4th 317 (2000) .............................................................................. 10

*Hughes v. Pair*
46 Cal.4th 1035 (2009) ............................................................................ 14

*Jackson v. Mayweather*
10 Cal.App.5th 1240 (2017) ..................................................................... 12

*Jensen v. Hewlett-Packard Co.*
14 Cal.App.4th 958 (1993) ....................................................................... 11

*Kashmiri v. Regents of University of California*
156 Cal.App.4th 809 (2007) ....................................................................... 9

*Kinsey v. Macur*
107 Cal.App.3d 265 (1980) ...................................................................... 12

*Moreno v. Hanford Sentinel, Inc.*
172 Cal.App.4th 1125 (2009) .............................................................. 12, 13

*Nygard, Inc. v. Uusi-Kerttula*
159 Cal.App.4th 1027 (2008) ................................................................... 11

*Palmer v. Regents of the University of California*
107 Cal.App.4th 899 (2003) ..................................................................... 10

*Porten v. University of San Francisco*
64 Cal.App.3d 825 (1976) ........................................................................ 12

*Sipple v. Chronical Publishing Co.*
154 Cal.App.3d 1040 (1984) .................................................................... 13

*Zumbrun v. University of Southern California*
25 Cal.App.3d 1 (1972) ............................................................................. 9

**STATE STATUTES:**

Cal. Code of Civ. Proc. § 47 .................................................................... 11

Cal. Ed. Code § 94367 ......................................................................... 7, 8

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF
MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

S:\Client\106 Golden Gate University\026 Karimi USDC\Pleadings\MSJ\Notice MPA 20181213.doc                                    -iii-

# NOTICE OF MOTION

**TO PLAINTIFF *PRO SE* MORTEZA BENJAMIN RAY KARIMI ("PLAINTIFF"):**

**PLEASE TAKE NOTICE THAT ON** Friday, February 1, 2019 at 9:30 a.m., in the courtroom of the Honorable United States District Court Chief Magistrate Judge Joseph C. Spero, located at the San Francisco Courthouse, Courtroom G - 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants GOLDEN GATE SCHOOL OF LAW, and DEAN ANTHONY NIEDWIECKI (collectively, "Golden Gate") will move the Court, and hereby moves the Court, for summary judgment and/or partial summary judgment in favor of Golden Gate against Plaintiff, because there is no genuine issue of material fact on the following claims or defenses;

1.      On the first claim, because Plaintiff has permanently ended his matriculation with Golden Gate in order to attend law school elsewhere, his claims for declaratory and injunctive relief under California Education Code §94367, a/k/a "Leonard Law," are moot and no other remedies are available;

2.      On the second and third claims, because Plaintiff has permanently ended his matriculation with Golden Gate in order to attend law school elsewhere, and because Plaintiff has not exhausted internal Golden Gate administrative procedures and remedies;

3.      On the fourth claim sounding in tort for defamation/false light because Plaintiff is unable to demonstrate a genuine dispute of material fact that Golden Gate made a false statement of fact about Plaintiff, and because Defendants demonstrated a qualified privilege;

4.      On the fifth claim for invasion of privacy by public disclosure of private facts, because Plaintiff is unable to demonstrate a genuine dispute of material fact that Golden Gate made a  public disclosure of private facts about Plaintiff;

5.      On the sixth claim for intentional infliction of emotional distress, because Plaintiff is unable to demonstrate a genuine dispute of material fact that the decision of the Dean to initiate an interim suspension and/or the decision to issue a security notice constitute "outrageous" conduct as defined by California law;

\\\

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

6.      On the fourth, fifth and sixth claims, because Plaintiff is unable to establish a necessary element of the claims; and

7.      On each and all of the six claims, because Plaintiff is unable to establish any damages.

This motion is based on this Notice of Motion; the Memorandum of Points and Authorities; the Declarations and Evidence in support; and upon the papers, records and pleadings on file herein, including but not limited to any other evidence that may be adduced.


DATED:   December 13, 2018                    **VARTAIN LAW GROUP**

                                  BY:    /s/Michael J. Vartain
                                         MICHAEL J. VARTAIN
                                         STACEY L. LEASK
                                         Attorneys for Defendants
                                         GOLDEN GATE SCHOOL OF LAW, and
                                         DEAN ANTHONY NIEDWIECKI

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff withdrew from Golden Gate this past July when he matriculated as a first year law student at Thurgood Marshall Law School in Houston, Texas.  He requested and obtained a full tuition refund from Golden Gate and Golden Gate then terminated the internal conduct proceedings that had been in abeyance since he filed this lawsuit back in October 2017.

Golden Gate now moves for summary judgment and/or partial summary judgment on each and all of the claims in Plaintiff's lawsuit, for the reasons stated in the notice of motion.

### II.    STATEMENT OF FACTS

Plaintiff entered the first year law class in August 2017.  First-year student orientation took place on August 8 through 10, 2017, and classes began on August 14, 2017.  Declaration of Anthony Niedwiecki ("Decl. Niedwiecki"), ¶¶ 18, 20; Declaration of Jessica Bride ("Decl. Bride"), ¶¶ 16, 18; Declaration of Steven Lind ("Decl. Lind"), ¶¶ 8-9; Declaration of Dan Devoy ("Decl. Devoy"), ¶ 14; Ex. BB, DD.

TWEN is an electronic course management tool used by Golden Gate to facilitate classroom communications between a professor and the class.  Decl. Niedwiecki, ¶ 24; Decl. Bride, ¶ 36; Decl. Devoy, ¶ 45.  Starting at 4:52 a.m. on Saturday, September 2, 2017, enraged that the torts class the day before was cancelled by the professor, Plaintiff began sending mass emails to classmates. The frequency, content and tone of the multiple emails from Plaintiff caused fellow students to report their resulting fears and anxieties to administrators of Golden Gate.  Decl. Niedwiecki, ¶¶ 21-30, 34, 36, 43-46, 48; Decl. Bride, ¶¶ 31-57; Ex. B-F, H, I, K.

A faculty member and the Dean informed Plaintiff that TWEN was for academic use and not for these communications, and further informed Plaintiff of the proper channels in which Plaintiff could bring his stated grievances.  Decl. Niedwiecki, ¶¶ 31-35, 37-42; Decl. Bride, ¶¶ 42-49; Ex. G, H, J.  The Dean also asked Plaintiff to cease mass emailing his classmates.  Decl. Niedwiecki, ¶¶ 37-42; Decl. Bride, ¶¶ 48-49; Ex. J.  Plaintiff continue to barrage classmates with emails, thus causing the Dean to directly instruct him to cease and desist.  Decl. Niedwiecki, ¶¶ 37-54; Decl. Bride, ¶¶ 50-59; Ex. J, K, L, M.  Plaintiff refused the instructions of

KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF

S:\Client\106 Golden Gate University\026 Karimi USDC\Pleadings\MSJ\Notice MPA 20181213.doc                    -1-

1    the Dean and continue to send emails.  Decl. Niedwiecki, ¶¶ 43-45, 64-65; Decl. Bride, ¶¶ 50-

2    52, 67; Exs. K, O.

3        The Handbook provides that the Dean of Golden Gate may initiate an interim suspension

4    "pending charges" of a disciplinary nature, if he considers it important to ensure the well-being

5    of members of the University community or if the student poses a credible threat of disruption

6    of or interference with the normal operations of the University. Decl. Niedwiecki, ¶¶ 8-12, 14;

7    Decl. Bride, ¶¶ 7-15; Decl. Devoy, ¶¶ 6-13, 39-41; Ex. A.

8        The Dean made the judgment that Plaintiff was not responsive to his instructions and to

9    the requests from other students who were becoming anxious due to Plaintiff's behavior, and

10   that Plaintiff would likely continue to act in this hostile manner and interfere with the first year

11   class educational program at its very inception. Decl. Niedwiecki, ¶¶ 45-46, 48-49, 53; Decl.

12   Bride, ¶¶ 50-58.  The Dean also had genuine concern that Plaintiff's erratic and unpredictable

13   behaviors could possibly escalate to a physical harm at the School.  Decl. Niedwiecki, ¶¶ 50-53.

14   On the evening of September 14, 2017, the Dean wrote to Plaintiff to notify Plaintiff that he was

15   placed upon interim suspension and that he must remain off campus for the time being, and that

16   he must not email other students, faculty or staff of the University other than the Dean until

17   further notice.   Decl. Niedwiecki, ¶ 54; Decl. Bride, ¶¶ 58-59; Ex. M.

18       At 9:00 a.m. the next day on September 15, 2017, Plaintiff was observed sitting in the

19   library. This was contrary to the instructions emailed to him the day before. The Director of

20   Business Services & Facilities, Mr. Mike Koperski, was called for assistance.  Mr. Koperski

21   went to the library to approach Plaintiff.  At first, Plaintiff refused to leave the campus premises.

22   Local police came to the location to assist.  Plaintiff then left the campus, on his own accord,

23   without resistance. Declaration of Michael Koperski ("Decl. Koperski"), ¶¶ 4-13; Decl.

24   Niedwiecki, ¶ 56; Decl. Bride, ¶¶ 59, 60-62; Ex. M.

25       Students in the vicinity of the library witnessed police presence on campus and other

26   students and staff inquired of administration due to being worried about the presence of police.

27   As a result, the Dean decided to provide a community update bulletin to reassure them that the

28   school was safe. Decl. Niedwiecki, ¶ 57; Decl. Bride, ¶¶ 60-63; Ex. N.

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

The community update bulletin stated:

"GGU Law Students,

I am writing because there has been some inquiry about a matter that happened last Friday morning.

At approximately 9:10 AM, we requested a law school student, who in our judgment has been demonstrating some behavior issues at the University, to leave campus for an indefinite period of time.  The student has left the campus on his own accord and without resistance.  We plan to communicate with this student while he remains off campus.

You might have observed campus security or SF police near the Hub at that time, but there was no known safety concern.  We are continuing with heightened safe and security procedures for the time being.

If you have any questions about this situation, don't hesitate to contact me at 415 442-6600.

Thank you all for your patience.

Anthony Niedwiecki
Dean, GGU Law School"  (Decl. Niedwiecki, ¶57, **Ex. N**)

The bulletin did not mention or state Plaintiff's name. It did not mention or state any details about Plaintiff's private life or of his personal information, such as any medical, financial or other identifying or private details about Plaintiff nor did it contain any of Plaintiff's student educational records.  Decl. Niedwiecki, ¶¶ 57-60; Decl. Bride, ¶¶ 63-66; Ex. N.

Three days later, on September 18, 2017, contrary to the instructions in the interim suspension letter, Plaintiff again mass emailed the entire class. Decl. Niedwiecki, ¶ 64; Decl. Bride, ¶ 67; Ex. O.

Beginning on September 19, 2017, Golden Gate attempted to resolve the matter with Plaintiff.  Decl. Niedwiecki, ¶¶ 66-81, Ex. P, Q, R, S, T.

On October 3, 2017, Plaintiff filed a Complaint for Damages in this case. Plaintiff pleaded three causes of action: (1) Breach of Contract; (2) Defamation; and (3) Intentional Infliction of Emotional Distress.  Dkt. # 1; Declaration Stacey L. Leask ("Decl. Leask"), ¶ 2, Ex. KK.

\\\

\\\

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

S:\Client\106 Golden Gate University\026 Karimi USDC\Pleadings\MSJ\Notice MPA 20181213.doc                                   -3-

On November 28, 2017, the Dean filed a Student Misconduct Complaint Form with the School of Law's Office of Student Conduct & Professionalism; and on December 1, 2017, a copy was sent to Plaintiff, along with information as to the conduct proceedings.   Decl. Niedwiecki, ¶¶ 82-85; Decl. Devoy, ¶¶ 16-23; Decl. Leask, ¶¶ 39-40, Exs. U, V.

On December 18, 2017, Plaintiff filed a Motion for Temporary Restraining Order and a Preliminary injunction (hereinafter "Plaintiff's TRO motion"). Dkt. #18; Decl. Leask, ¶ 4; Decl. Niedwiecki, ¶ 94.

On December 20, 2017, Assistant Director (of the Office of Student Conduct & Professionalism) Daniel Devoy transmitted to Plaintiff, the "Disciplinary Action Letter", notifying Plaintiff of the upcoming hearing to take place in January 2018. The Disciplinary Action Letter did not issue nor recommend any sanction(s) against Plaintiff. Decl. Devoy, ¶¶ 24-31; Decl. Niedwiecki, ¶¶ 88-93; Decl. Leask, ¶¶ 41-46, Ex. Z.

On January 11, 2018, the parties executed a Joint Stipulation agreeing to schedule mediation within the next three weeks in January; to continue the hearing on the Motion for Preliminary Injunction; and to postpone the internal disciplinary hearing.  Dkt. #37.

On January 12, 2018, the Court entered an Order continuing the Case Management Conference and the Motion for Preliminary Injunction to March 2, 2018.  Dkt. #38.

On January 19, 2018, the parties executed a Joint Stipulation providing that "the hearing on Plaintiff's motion for preliminary injunction that is currently set for March 2, 2018, at 9:30 a.m., in Courtroom G, is to be continued to a date after mediation is held," … "reschedule the January 31st mediation to March 21, 2018," and "postponement of the internal disciplinary process that is pending at the School of Law until a date after mediation takes place."  Dkt. #41.

On January 22, 2018, the Court entered an Order continuing the Case Management Conference and the Motion for Preliminary Injunction to April 20, 2018.  Dkt. #42.

On March 19, 2018, the parties executed a Joint Stipulation that "stipulated and agreed to reschedule the mediation to a date that is *after* the hearing on Plaintiff's Motion for Preliminary Injunction, and in such a manner so that the parties will by the time of mediation have a ruling on Plaintiff's pending motion for injunctive relief". … "Plaintiff's pending motion

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

1   seeks a preliminary injunction compelling the Law School to take Plaintiff off of interim

2   suspension and return him to the first year law school class, to cancel its pending internal

3   disciplinary charges against Plaintiff, and for other preliminary relief.  Plaintiff has stated his

4   desire to obtain a ruling from the Court before he will engage in settlement discussions. A ruling

5   in advance of mediation will thus enable the parties to have more meaningful settlement

6   discussions about Plaintiff's student status and the pending disciplinary charges against

7   Plaintiff." Dkt. #49.

8          On March 20, 2018, the Court entered an Order continuing Plaintiff's Motion for

9   Preliminary Injunction and providing that the Case Management Conference shall remain on

10  calendar for April 20, 2018.  The mediation on calendar for March 21, 2018 was continued to

11  May 23, 2018, after the Court was to rule on Plaintiff's Motion for Preliminary Injunction.  Dkt.

12  #51.

13         On April 23, 2018, by written order, the Court denied Plaintiff's Motion for Preliminary

14  Injunction and Temporary Restraining Order. Dkt. #57; Decl. Leask, ¶ 7, Ex. MM.  The Court

15  denied Plaintiff's motion in its entirety, finding that as to each of Plaintiff's claims Plaintiff did

16  not meet his burden to show both that he was likely to succeed on the merits of his claim and

17  that if not granted, he would suffer irreparable harm.  Dkt. #57; Decl. Leask, ¶¶ 7-8, Ex. MM.

18  The Court granted Plaintiff limited leave to amend to add **one** claim, for violation of California

19  Education Code section 94367 (also known as "Leonard Law").   Dkt. #57; Decl. Leask, ¶¶ 9-

20  10, Ex. MM.

21         On May 14, 2018, Plaintiff filed a First Amended Complaint for Damages ("FAC"). Dkt.

22  #58; Decl. Leask, ¶ 10, Ex. NN.  Plaintiff's FAC added the one permitted claim under California

23  Education Code §94367, however, the FAC also added three (3) other claims, now the Third,

24  Fourth and Fifth Claims. Dkt. #58; Decl. Leask, ¶ 11, Ex. NN.

25         Golden Gate filed its Answer to the FAC on May 29, 2018.  Dkt. #59; Decl. Leask, ¶ 12,

26  Ex. OO. In its Answer, Golden Gate affirmatively alleged that the Third, Fourth and Fifth

27  Claims are barred because Plaintiff filed these claims in contravention of the Order of the Court

28

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

1   giving him limited leave to amend only to state the Leonard Law claim. Dkt. #59; Decl. Leask, ¶

2   12, Ex. OO.

3   On July 16, 2018, the Court entered a Civil Minute Order providing that the "[h[earing

4   on the discipline proceeding is postponed until after the settlement conference" and the "Case is

5   referred to Magistrate Judge Donna Ryu, in Oakland, for a SETTLEMENT CONFERENCE to

6   occur in October 2018 or as is convenient to the judge's calendar.  All parties must attend the

7   settlement conference **in person**." Dkt. #73; Decl. Leask, ¶ 13, Ex. PP. (emphasis added)

8   As shown above, throughout the months of 2018, Golden Gate postponed the internal

9   conduct proceedings by stipulation of Plaintiff and Orders of the Court.  Dkt. #37, 38, 41; Decl.

10   Leask, ¶¶ 13-15, 39-53; Decl. Niedwiecki, ¶¶ 94-100; Decl. Devoy, ¶¶ 24-33, Ex. AA, PP.

11   Golden Gate also assisted Plaintiff in his efforts to apply to other law schools, by providing

12   Plaintiff with an official copy of Plaintiff's law school transcript and a letter of standing from

13   the Registrar, with certain language that met with Plaintiff's approval.  Decl. Leask, ¶¶ 54; Decl.

14   Lind, ¶¶ 10-13; Exs., EE, FF, GG.

15   On July 23, 2018, Plaintiff transmitted an email to counsel for Golden Gate in which

16   Plaintiff informed that he was accepted to another law school and wished to withdraw from

17   Golden Gate and obtain a refund of his first year tuition and fees. Decl. Leask, ¶ 55; Decl.

18   Niedwiecki, ¶¶ 101-102; Decl. Lind, ¶¶ 14-19; Decl. Devoy, ¶¶ 34-36; Ex. HH.

19   On July 24, 2018, counsel for Golden Gate transmitted an email to Plaintiff informing

20   him that Golden Gate was prepared to transmit by overnight delivery, the requested refund.

21   Decl. Leask, ¶ 56; Decl. Niedwiecki, ¶¶ 101-102; Ex. HH.   On July 24, 2018, Plaintiff

22   transmitted an email stating:

23   "I am withdrawing from Golden Gate University School of Law with no intention
    or desire to return.
24   I am at another law school and will not be returning to Golden Gate School of
    Law."  (Decl. Leask, ¶ 57, Ex. HH)
25

26   On July 24, 2018, Golden Gate transmitted the refund check to Plaintiff and thereafter

27   closed the internal proceedings. Decl. Leask, ¶¶ 58-61; Decl. Niedwiecki, ¶¶ 101-102; Decl.

28   Lind, ¶¶ 14-19; Exs. II, JJ.  No sanction(s) have been issued against Plaintiff.  Plaintiff's official

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

1  transcript at Golden Gate shows no record of the matter.   Decl. Leask, ¶¶ 55-61; Decl.

2  Niedwiecki, ¶¶ 103-104, 110; Decl. Lind, ¶¶ 14-19; Decl. Devoy, ¶¶ 36-42; Exs. HH, II, JJ.

3       A Case Management Conference was held on August 10, 2018, before the Honorable

4  Chief Magistrate Judge Joseph Spero.  Decl. Leask, ¶ 17, Ex. QQ; Dkt. #88. At the conference,

5  Plaintiff informed that he is now residing in Texas and beginning his first year of law school at

6  Thurgood Marshall School of Law in Houston, Texas.  Decl. Leask, ¶ 18; Dkt. #88.

7       The Court then inquired of the discovery needs of the parties.  Golden Gate's counsel

8  stated that Golden Gate needed a short deposition of Plaintiff and upon completion of such

9  deposition, would then file a motion for summary judgment within 45 days or so.  Decl. Leask,

10  ¶ 19; Dkt. #88.

11       On August 10, 2018, the Court entered a Civil Minute Order providing that the "Court

12  vacates the Order referring this matter to Judge Ryu for a settlement conference.  Defendants

13  will file their motion for summary judgment on 12/14/18 with a hearing date of 2/1/19 at 9:30

14  AM." Decl. Leask, ¶ 17; Ex. QQ; Dkt. #86.

15       In October 2018, as set forth in the motion for sanctions filed herewith, on repeated

16  instances, counsel for Golden Gate wrote to Plaintiff to set a mutually agreeable date and time

17  for Plaintiff's deposition. Plaintiff replied to indicate that he did not wish to give an oral

18  deposition and on November 9, 2018, Plaintiff failed to appear for his duly noticed oral

19  deposition.  Decl. Leask, ¶¶ 21-38, Exs. RR-DDD.

20                      **III.   LEGAL ANALYSIS**

21       A motion for summary judgment should be granted if there is no genuine issue of

22  material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

23  56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

24       The moving party bears the initial burden of informing the court of the basis for the

25  motion, and identifying portions of the pleadings, depositions, answers to interrogatories,

26  admissions, or affidavits which demonstrate the absence of a triable issue of material fact.

27  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving

28  party must either produce evidence negating an essential element of the nonmoving party's

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

1    claim or defense or show that the nonmoving party does not have enough evidence of an

2    essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*

3    *Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

4          If the moving party meets its initial burden, the burden shifts to the non-moving party to

5    produce evidence supporting its claims or defenses. *Nissan Fire & Marine Ins. Co., Ltd.*, 210

6    F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the

7    adverse party's evidence, but instead must produce admissible evidence that shows there is a

8    genuine issue of material fact for trial. *Id.* A genuine issue of fact is one that could reasonably

9    be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of

10   the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

11         "When the nonmoving party has the burden of proof at trial, the moving party need only

12   point out 'that there is an absence of evidence to support the nonmoving party's case.'"

13   *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at

14   325). Once the moving party meets this burden, the nonmoving party may not rest upon mere

15   allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine

16   issue for trial. *Id.*

17   **A. First Claim Under The Leonard Law: Plaintiff Has Permanently Ended**
18   **His Matriculation At Golden Gate And His Claims For Declaratory And**
     **Injunctive Relief Are Moot.**

19         California Education Code § 94367(a) (a/k/a the Leonard Law) forbids private

20   universities to issue or enforce rules of conduct that subject students to discipline for

21   constitutionally protected speech.

22   > "No private postsecondary educational institution shall make or enforce a rule
23   > subjecting a student to disciplinary sanctions solely on the basis of conduct that is
     > speech or other communication that, when engaged in outside the campus or
24   > facility of a private postsecondary institution, is protected from governmental
     > restriction by the First Amendment to the United States Constitution or Section 2
25   > of Article I of the California Constitution."  Cal. Ed. Code § 94367(a).

26         The Leonard Law goes on to authorize a private right of action for injunctive and

27   declaratory relief, and for an award to prevailing parties of their attorney's fees, but makes no

28   provision for monetary damages.

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF**
**MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

"A student enrolled in a private postsecondary institution at the time that the institution has made or enforced any rule in violation of subdivision(a) may commence a civil action to obtain appropriate injunctive and declaratory relief as determined by the court.  Upon motion, a court may award attorney's fees to a prevailing plaintiff in a civil action pursuant to this section."  Cal. Ed. Code § 94367(b).

By his complaint, Plaintiff seeks damages, declaratory relief and injunctive relief. Dkt. # 58, FAC, 20:18-24; Decl. Leask, ¶¶ 10-11, Ex. NN.

The Declaratory Judgment Act provides that:

"In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. §2201.

An actual controversy exists when there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Morcote v. Oracle Corp.,* 2005 U.S. Dist. LEXIS 31898, 2005 WL 3157512 (N.D. Cal. 2005) at 12, citing *Maryland Cas. Co. v. Pac. Coal. & Oil Co.,* 312 U.S. 270, 273. "[T]he requisite case or controversy is absent where a plaintiff no longer wishes – or is no longer able – to engage the activity concerning which it is seeking declaratory relief." *Morcote,* 2005 U.S. Dist. LEXIS 31898, 2005 WL 3157512, at 12, citing *Gator.com Corp. v. L.L. Bean, Inc.,* 398 F.3d 1125, 1129 (2005).

If there is no actual controversy remaining, the Court is required to dismiss the claim for declaratory relief. *Morcote,* 2005 U.S. Dist. LEXIS 31898, 2005 WL 3157512, at 12-13, citing *Allard v. DeLorean,* 884 F.2d 464, 466 (9th Cir. 1989); *Gator.com Corp,* 398 F.3d at 1132.

Plaintiff is and never again will be a student of Golden Gate.  Decl. Niedwiecki, ¶¶ 101-106, Ex. HH, II; Decl. Leask, ¶¶ 55-61; Decl. Lind, ¶¶ 14-18; Decl. Devoy, ¶¶ 34-38; Exs. HH, II, JJ.   He no longer has access to Golden Gate's emailing systems and no need to engage in what he regards as protected speech activity at Golden Gate.  Decl. Niedwiecki, ¶ 107.  His preliminary injunction motion was denied and he cannot seek injunctive relief in the form of reinstatement or any other orders that would affect matriculation, because he has permanently ended matriculation with Golden Gate and by his withdrawal, he ended disciplinary proceedings

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

1   without any risk of conduct findings on his record.  Decl. Niedwiecki, ¶¶ 101-107; Decl. Devoy,

2   ¶¶ 34-38; Decl. Lind, ¶¶ 14-18; Decl. Leask, ¶¶ 55-61; Ex. HH, II, JJ.   The statute has no

3   provision for damages and there is no case law that has construed it to allow for damages.

4   Plaintiff has throughout this case represented himself and thus there are no attorneys' fees to

5   award.   Decl. Leask, ¶ 77.

6         Because there exists no controversy for which Plaintiff can obtain declaratory or

7   injunctive relief under the "Leonard Law" and there is no other relief available to him under the

8   statute, Golden Gate is entitled to summary judgment on the first claim.

9         **B. The Second And Third Claims: Plaintiff Has Permanently Ended His**
          **Matriculation With Golden Gate And Golden Gate Is Entitled To Partial**

10        **Summary Judgment Because Plaintiff Cannot Exhaust Internal**
          **Procedures And Remedies.**

11

12        Under California law, the student policies of an institution of higher education constitute

13   the terms of the contract between the student and the institution. *Zumbrun v. University of*

14   *Southern California*, 25 Cal.App.3d 1, 10 (1972): ("The basic legal relation between a student

15   and a university is contractual in nature. The catalogues, bulletins, circulars and regulations of

16   the institution made available to the matriculant become part of the contract.") The published

17   policies of the institution form implied terms of the student matriculation contract. *Kashmiri v.*

18   *Regents of University of California*, 156 Cal.App.4th 809, 828-829 (2007).

19        As the Court noted in its prior Order, "[t]he contract that Karimi seeks to enforce in this

20   case, i.e., Golden Gate's Handbook, specifically provides for the internal disciplinary hearings

21   and decisions that Karimi seeks to enjoin… If as Karimi contends, the charges against him are

22   not warranted under the Handbook, a disciplinary hearing is one of the procedures that the

23   Handbook provides to make that determination."   Dkt. # 57, Order, 22:15-19; Decl. Leask, ¶ 7,

24   Ex. MM.

25        Plaintiff first moved to enjoin these proceedings and then entered into Stipulations in

26   order to further his opportunity to secure admission to another school and then, once he was

27   admitted elsewhere, he withdrew from Golden Gate, thus making it impossible to conduct

28   discipline proceedings.  Decl. Niedwiecki, ¶¶ 82-110; Decl. Devoy, ¶¶ 16-42; Decl. Lind, ¶¶ 14-

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF**
**MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

1    18; Decl. Leask, ¶¶ 4-7; 39-61; Exs. A, AA, PP, HH, II, JJ; Dkt. #37, 38, 41.  Plaintiff thus

2    declined to exhaust the internal disciplinary procedures that Golden Gate affords for students

3    charged with misconduct.  Decl. Niedwiecki, ¶¶ 8-17, 82-110; Ex. A.

4         Exhaustion of internal university hearings is a jurisdictional prerequisite to claims.

5    *Palmer v. Regents of the University of California*, 107 Cal.App.4th 899 (2003); *Edgren v. The*

6    *Regents of the University of California*, 158 Cal.App.3d 515, 520 (1984)*. Plaintiff's declination

7    to exhaust internal administrative procedures means that his second claim for breach of contract

8    fails for lack of exhaustion.

9         Plaintiff's Third Claim for  breach of the implied covenant of good faith and fair dealing

10   fails also, as it does nothing more than allege a mere contract breach, relying on the same

11   alleged acts and seeks the same relief as Plaintiff's contract claim, and for the reasons

12   demonstrated above, the contract claim fails as a matter of law.  Thus, the breach of the implied

13   covenant also fails. *See Careau & Co. v. Security Pacific Business Credit, Inc*., 222 Cal.App.3d

14   1371, 1395 (1990) (Implied covenant claim that does nothing more than allege a contract breach

15   may be disregarded as superfluous).

16        The implied covenant of good faith and fair dealing in every contract can protect no

17   more than a party's right to receive the benefit of the underlying contractual agreement. *Guz v.*

18   *Bechtel*, 24 Cal.4th 317, 349-353 (2000).   If Plaintiff cannot establish a breach of contract, he

19   has no claim for breach of implied covenant arising from a contract. *Camp v. Jeffer, Mangels,*

20   *Butler & Marmaro*, 35 Cal.App.4th 620, 629-630 (1995).

21        For these reasons, Golden Gate is additionally entitled to partial summary judgment on

22   the second and third claims.

23        **C. The Fourth Claim For Defamation/False Light: Plaintiff Is Unable To**
          **Demonstrate A Genuine Dispute Of Material Fact That Golden Gate**
24        **Made False Statements About Plaintiff And Defendants Have**
          **Demonstrated A Qualified Privilege.**
25

26        Plaintiff alleges that the Dean's community notice made false statements about Plaintiff,

27   specifically, that Golden Gate asked Plaintiff to leave the campus for an indefinite period of

28

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF**
**MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

1   time, that Plaintiff has been demonstrating behavior issues, and that Plaintiff left "without
2   resistance." Dkt. #58, FAC, 15:13-14, 15:19-24; Decl. Leask, ¶ 10, Ex. NN.

3         However, it is undisputed that the notice did not mention Plaintiff by name or by any
4   other specific identification. Decl. Niedwiecki, ¶¶ 56-63; Decl. Bride, ¶¶ 63-66; Ex. N. It made
5   no statement whatsoever about Plaintiff. Decl. Niedwiecki, ¶¶ 56-63; Decl. Bride, ¶¶ 63-66; Ex.
6   N.  If anyone who read it connected it to Plaintiff, the connection would be one of truth: an
7   unnamed student who demonstrated behavior issues was requested to leave the campus and
8   indeed left the campus without resistance on his own accord. Decl. Niedwiecki, ¶¶ 18-55, 56-
9   63; Decl. Bride, ¶¶ 31-66; Decl. Koperski, ¶¶ 8-13; Exs. N, and A-M.

10         Thus, the defamation claim fails because there is no false statement. "A publication
11   'must contain a false statement of *fact*' to give rise to liability for defamation." *Campanelli v.*
12   *Regents of the University of California*, 44 Cal.App.4th 572, 578 (1996) citing *Jensen v.*
13   *Hewlett-Packard Co.*, 14 Cal.App.4th 958, 970 (1993); see also *Nygard v. Uusi-Kerttula*, 159
14   Cal.App.4th 1027, 1048 (2008).

15         The defamation claim also fails because of Golden Gate's qualified privilege. Cal. Civ.
16   Code §47(c) provides a qualified privilege for "a communication, without malice, to a person
17   interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation
18   to the person interested as to afford a reasonable ground for supposing the motive for the
19   communication to be innocent, or (3) who is requested by the person interested to give the
20   information."  "Interested persons" under §47(c) are "a communicator and a recipient with a
21   common interest, although to be protected the communication must be one 'reasonably
22   calculated to further that interest.'" *Cuenca v. Safeway San Francisco Employees Fed. Credit*
23   *Union*, 180 Cal.App.3d 985, 995 (1986).

24         It was a qualified privileged act of the Dean to inform students in writing why police
25   were seen on the premises, and he did so with no identification of Plaintiff, must less a false
26   statement. Decl. Niedwiecki, ¶¶ 18-55, 57-63; Decl. Bride, ¶¶ 59-66; Decl. Koperski, ¶¶ 8-13;
27   Exs. N and A-M.  Thus, Golden Gate is entitled to summary adjudication of Plaintiff's
28   defamation claim for this additional reason.

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF
MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

1    Plaintiff's claim under false light also must fail for the same reasons.

2    "When a false light claim is coupled with a defamation claim, the false light claim
     is essentially superfluous, and stands or falls on whether it meets the same
3    requirements as the defamation cause of action." *Jackson v. Mayweather*, 10
     Cal.App.5th 1240, 1264 (2017), citing *Eisenberg v. Alameda Newspapers, Inc*, 74
4    Cal.App.4th 1359, 1385, fn. 13 (1999).

5    "[In] a false light privacy action, as in a defamation action, truth is an absolute defense."

6    *Fellows v. Nat'l Enquirer,* 42 Cal.3d 234, 245 (1986), citing *Rinsley v. Brandt*, 700 F.2d 1304,

7    1307 (10th Cir. 1983)

8    As demonstrated above, there was no false statement made by the Dean; there was no

9    mention of Plaintiff by name; and the true information mentioned by the Dean, without

10   disclosing Plaintiff's name or making any malice statement about Plaintiff, was made only to

11   Golden Gate students and faculty who were interested persons.  Decl. Niedwiecki, ¶¶ 18-55, 57-

12   63; Decl. Bride, ¶¶ 59-66; Decl. Koperski, ¶¶ 8-13; Exs. N and A-M.

13   Thus, Golden Gate is entitled to partial summary judgment of Plaintiff's defamation/

14   false light claim for these additional reasons.

15   **D. Fifth Claim For Invasion Of Privacy By Public Disclosure Of Private
        Facts: Plaintiff Is Unable To Demonstrate A Genuine Dispute Of
16      Material Fact That Golden Gate Made A Public Disclosure Of Private
        Facts.**

17   The essential elements of the claim of a public disclosure of privacy facts under

18   California law are all of the following:

19
20   "(1) public disclosure (2) of a private fact (3) which would be offensive and
     objectionable to the reasonable person and (4) which is not of legitimate public
     concern." *Moreno v. Hanford, Inc.* 172 Cal.App.4th 1125, 1129-1130 (2009).
21   "The absence of any one of these elements is a complete bar to liability." *Id.*

22   The tort must involve unwarranted publication of "intimate details of plaintiff's private

23   life." *Porten v. University of San Francisco*, 64 Cal.App.3d 825 (1976); *Kinsey v. Macur*, 107

24   Cal.App.3d 265, 270-271 (1980).

25   Plaintiff alleges that the Dean's notice disclosed to the Golden Gate community

26   "Plaintiff's situation" that Plaintiff had been told by Golden Gate to remain off campus.  Dkt. #

27   58, FAC, 17:11-14; Decl. Leask, ¶ 10, Ex. NN. However, as indicated above, the Dean's notice

28   did not mention Plaintiff's name nor did it include any identifying  information about Plaintiff

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF
MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

1   nor did it disclose any intimate details about Plaintiff's private life.  Decl. Niedwiecki, ¶¶ 57-63

2   Decl. Bride, ¶¶ 59-66; Ex. N.

3       The Dean's mention of the events taking place earlier in the day in the library where

4   other students and staff of Golden Gate were present, were matters that were already within the

5   public domain and thus, not private.  Decl. Niedwiecki, ¶¶ 56-57; Decl. Koperski, ¶¶ 8-13, Ex.

6   N; Decl. Bride, ¶¶ 31-66; *Moreno,* 172 Cal.App.4th at 1130 ("A matter that is already public or

7   that has previously become part of the public domain is not private."); *Sipple v. Chronical*

8   *Publishing Co*., 154 Cal.App.3d 1040, 1047 (1984) (Recognizing "there can be no privacy with

9   respect to a matter which is already public or which has previously become part of the 'public

10  domain.'") (Citations omitted).

11      Plaintiff asserts that he has a privacy right to his student educational records pursuant to

12  the Family Educational Rights and Privacy Act ("FERPA").  However, none of Plaintiff's

13  student educational records were disclosed by Golden Gate.  Decl. Niedwiecki, ¶¶ 57, 60; Ex.

14  N; and there was no disclosure of the underlying police presence to anyone other than the

15  students and GGU who had an interest in the matter.  Decl. Niedwiecki, ¶ 61; Decl. Bride, ¶¶

16  60-66, Ex. N.

17      Thus, Golden Gate is alternatively entitled to partial summary judgment on Plaintiff's

18  fifth claim for invasion of privacy.

19      **E.  Sixth Claim For Intentional Infliction Of Emotional Distress: Plaintiff Is**
        **Unable To Demonstrate A Genuine Dispute Of Material Fact As To One**
20      **Or More Elements.**

21      The essential elements of the common law tort of intentional infliction of emotional

22  distress are as follows:

23      "A prima facie case requires (1) outrageous conduct by the defendant, (2)
        intention to cause or reckless disregard of the probability of causing emotional
24      distress, (3) severe emotional suffering and (4) actual and proximate causation of
        the emotional distress. There is liability for conduct exceeding all bounds usually
25      tolerated by a decent society, of a nature which is especially calculated to cause,
        and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal.3d
26      148, 155, FN7 (1987).

27

28

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

1   *See also Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991); *Davidson v. City of*

2   *Westminster*, 32 Cal.3d 197, 209 (1982) ("Conduct to be outrageous must be so extreme as to

3   exceed all bounds of that usually tolerated in a civilized community.")

4       Plaintiff cannot substantiate this tort, because decisions by the Dean in the form of

5   issuance of the interim suspension and filing of charges as a matter of law are not "outrageous

6   conduct" for purposes of this tort. *Cole*, 43 Cal.3d at 155; *Hughes v. Pair*, 46 Cal.4th 1035,

7   1050-51 (2009).

8       **F.   Additionally, As To All Claims: Should The Court Grant The Motion For**
9   **Sanctions To Preclude Evidence From Plaintiff Of Damages, Plaintiff Is Unable To Establish Necessary Elements Of The Claims.**

10       "When the nonmoving party has the burden of proof at trial, the moving party need only

11   point out 'that there is an absence of evidence to support the nonmoving party's case.'"

12   *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at

13   325).

14       Golden Gate has carried its initial burden of informing the Court of the basis for the

15   motion, and identifying portions of the pleadings and affidavits and which show that Plaintiff

16   cannot offer evidence of an essential element of damages so as to carry its ultimate burden of

17   persuasion at trial.  If the Court grants the companion motion for sanctions to preclude his

18   damages evidence for Plaintiff failure to testify at his oral deposition, Plaintiff will not be able

19   to produce admissible evidence that shows there is a genuine issue of material fact for trial as to

20   damages.

21       For these reasons, Golden Gate will be entitled to partial summary judgment on all

22   claims and summary judgment on the case.

23       **G.   Additionally, As To The Fourth, Fifth And Sixth Claims: Should The**
24   **Court Grant The Motion For Sanctions To Preclude Evidence From Plaintiff, Plaintiff Is Unable To Establish Necessary Elements Of The**
25   **Claims.**

26       If the Court grants the companion motion for sanctions to preclude evidence of Plaintiff

27   on the fourth, fifth and sixth claims, Plaintiff cannot produce admissible evidence that shows

28   there is a genuine issue of material fact for trial. Golden Gate has carried its initial burden of

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**

1    informing the Court of the basis for the motion, and identifying portions of the pleadings and

2    affidavits and which show that the fourth, fifth and sixth claims lack merit as to an essential

3    element of the claims. See *infra* at page 11, line 23 through page 15, line 4.

4         For these additional reasons, Golden Gate will be entitled to partial summary judgment

5    on the Fourth, Fifth and Sixth Claims.

6                              **IV.    CONCLUSION**

7         For the above reasons, Golden Gate respectfully requests entry of an order for summary

8    judgment.

9

     DATED:   December 13, 2018                **VARTAIN LAW GROUP**

10

11                               BY:    /s/Michael J. Vartain
                                        _____
                                        MICHAEL J. VARTAIN
12                                      STACEY L. LEASK
                                        Attorneys for Defendants
13                                      GOLDEN GATE SCHOOL OF LAW, and
                                        DEAN ANTHONY NIEDWIECKI
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**KARIMI vs. GOLDEN GATE SCHOOL OF LAW, ET AL. [USDC-ND # 3:17-cv-05702-JCS]-NOTICE OF
MOTION AND MSJ OR PARTIAL SUMMARY JUDGMENT; MPA IN SUPPORT THEREOF**